IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RAFFORD FITZGERALD          §
MEACHUM,                    §
TDCJ # 1634824,             §
                           §
        Petitioner,         §
                           §
v.                          §        CIVIL ACTION NO. H-13-0140
                           §
WILLIAM STEPHENS, Director, §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                           §
        Respondent.         §

## MEMORANDUM AND ORDER

The petitioner, Rafford Fitzgerald Meachum (TDCJ # 1634824), has filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court

conviction.  The respondent has answered with a motion for summary judgment,

arguing that the petition must be denied [Doc. # 10].  The respondent has also

submitted the state court records pertinent to this action [Doc. ## 7; 7-1 to 7-34].

Although the Court has granted him an extension of time to respond, Meachum has

not filed a response.  After considering all of the pleadings, the state court records, and

the applicable law, the Court grants the respondent's motion, denies the petition, and

dismisses this case for reasons that follow.

## I.   BACKGROUND

### A.   Procedural History

Meachum was indicted for possession with intent to manufacture or deliver a controlled substance, enhanced by a prior conviction for possession of a controlled substance with intent to deliver [Doc. # 7-34, p. 61]. He pled not guilty and was tried by a jury which found him guilty as charged. *Id.* at 62; *State v. Meachum*, No. 09–07–07009 CR (410th Dist. Ct., Montgomery County, Tex., Feb. 18, 2010). After pleading true to the enhancement, Meachum was assessed a life sentence by the court. *Id.*

Meachum presented two arguments filed on appeal:

1) The admissible evidence adduced at the trial was legally insufficient ;and

2) the trial court erred in denying Meachum's motion to suppress.

[Doc. # 7-2, p. 10]

The Court of Appeals for the Ninth District of Texas affirmed the state district court's judgment on April 13, 2011. *Meachum v. State*, No. 09-10-00077-CR, 2011 WL 1416892 (Tex.App.-Beaumont 2011, pet. ref'd). The Texas Court of Criminal Appeals denied Meachum's petition for discretionary review on July 27, 2011. *Meachum v. State*, No. PD-647-11.

On November 11, 2011, Meachum filed a state application for a writ of habeas

2

corpus challenging his conviction pursuant to Article 11.07 of the Texas Code of

Criminal Procedure.  He presented the following grounds for relief:

1.  Meachum's car was stopped and searched without a warrant or probable cause [Doc. # 7-32, p. 14];

2.  Evidence was used at trial that was taken from Meachum and his car in violation of the Fourth Amendment; *Id*. at 15;

3.  Meachum was illegally arrested in violation of the Fourth Amendment; *Id*. at 16;

4.  The indictment brought against Meachum was based on false information given to the grand jury; *Id.* at 17;

5.  The trial court abused its discretion in denying Meachum's motion to suppress;  *Id.* at 18;

6.  There was insufficient evidence to support Meachum's conviction;  *Id.* at 19;

7.  The State failed to prove beyond a doubt the validity of Meachum's prior conviction for enhancement purposes;  *Id.* at 20;

8.  Meachum was denied effective assistance of counsel at trial because his trial attorney:

    a.  Allowed the State to exclude African-Americans from the jury;

    b.  Allowed the State to introduce evidence of prior bad acts without rebuttal;

    c.  Failed to conduct an investigation regarding Meachum's motion to suppress; and

    d.  Failed to offer any mitigating evidence at the sentencing phase of Meachum's trial; *Id.* at 21; and

3

9.   Meachum was denied effective assistance of counsel on appeal because his appellate attorney failed to argue all available issues.  *Id.* at 22.

The state district court entered a designation of issues and ordered Meachum's trial and appellate attorneys to answer specific questions regarding their representation of Meachum [Doc. # 7-33, pp. 5-7].  After receiving the attorney's responses and considering the records and the State's answer, the trial court entered findings of fact and conclusions of law recommending that habeas corpus relief be denied [Doc. # 7-34, pp. 56-59].  The Texas Court of Criminal Appeals denied the habeas application pursuant to a written order [Doc. # 7-32, p. 2].  *Ex parte Meachum*,  No. 77,120-02, 2012 WL 3999862 (Tex. Crim. App. Sept. 12, 2012).

**B.    Meachum's Claims and Respondent's Arguments**

Meachum filed his federal petition for a writ of habeas corpus on January 18, 2013, and presented the following grounds for relief:

1.   Meachum's conviction is based on evidence obtained in violation of the Fourth Amendment [Doc. # 1, pp. 9-10];

2.   The trial court erred in denying Meachum's motion to suppress [*Id.* at 11];

3.   The grand jury indictment was defective [*Id.* at 10];

4.   The evidence was insufficient to support the conviction [*Id.* at 11];

5.   The State failed to prove the sentence enhancement [*Id.*];

6.   Meachum's trial counsel was ineffective by:

4

a.     Failing to investigate the facts;

b.     Failing to object to prejudicial evidence at sentencing;

c.     Failing to properly argue Meachum's motion to suppress [*Id*. at 12];

7.     Meachum's appellate attorney was ineffective by failing to consult with Meachum before filing his direct appeal, resulting in counsel's failure to raise issues [*Id.*].

The respondent has filed a motion for summary judgment arguing that some of Meachum's claims are procedurally barred. Specifically, the respondent contends that Meachum's claim that his trial attorney failed to object to prejudicial evidence at sentencing is unexhausted. The respondent also contends that Meachum's claims that the grand jury indictment was defective and that the state failed to prove the enhancements are defective because they were not raised on direct appeal. In addition, the respondent argues that the illegal indictment claim is not cognizable. The respondent goes on to argue that Meachum waived his right to challenge the validity of his prior conviction when he pled true to it. The respondent states that Meachum's challenge to the evidence is meritless because there is sufficient evidence to support conviction. The respondent also asserts that the record shows that Meachum received effective assistance of counsel at trial and on appeal. The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

## C.   **Statement of Facts**

The following is a summary of the evidence by the Court of Appeals:

Tonya McPherson, Meachum's girlfriend, rented a green Ford Taurus from Enterprise Rental Car. Although McPherson knew Meachum had an invalid driver's license, she left the unlocked Taurus and car keys at the Park and Ride on June 10, 2009, should Meachum need to use the vehicle.

That same day, Officer Clyde Vogel saw a green Ford Taurus parked in the driveway of a house. Vogel ran the license plate and discovered that Enterprise owned the Taurus and rented the Taurus to McPherson. Vogel learned that Meachum was McPherson's boyfriend and that Meachum had an invalid driver's license. Vogel contacted "unmarked narcotics officers" to conduct surveillance at the house.

Detectives Juan Sauceda and Troy Roberts arrived to conduct surveillance. When the Taurus left the house, Sauceda contacted Vogel. Sauceda stopped following the vehicle when the driver pulled into a parking lot and Sauceda felt that he had been identified as a police officer. When the vehicle left the parking lot, Roberts continued following the vehicle and, at some point, told Vogel that he believed Meachum was driving the Taurus.

Vogel conducted a traffic stop. Meachum had a passenger with him in the Taurus. Vogel handcuffed and detained Meachum. Roberts testified that Meachum "made it real clear that he didn't care if we searched the car, to go ahead and search it[,]" and said something like " 'go ahead and search the car. I don't care. There's nothing in it. Y'all know there is nothing in it.' " Vogel testified that he could not recall whether Meachum volunteered consent or whether he asked Meachum for consent to search the Taurus. The arrest record showed that Vogel requested consent. Roberts did not know whether Meachum volunteered consent or gave consent in response to a question. Vogel testified that he did not use his narcotics dog because Meachum consented to a search.

Sauceda, who arrived at the scene after Vogel and Roberts,

testified that he neither heard Meachum consent nor heard Vogel or Roberts request consent. Sauceda testified that he was leaning against the driver's side door of the Taurus when he looked in the car window and saw a white-colored substance that appeared to be crack cocaine. When Vogel told Sauceda that Meachum had consented to a search of the Taurus, Sauceda took a closer look. Vogel testified that he found an open container of alcohol in plain view. Officers testified that Meachum then revoked his consent. Sauceda tested the substance he found in the vehicle, and the substance tested positive for cocaine. Because officers had found cocaine, they continued searching the vehicle. On the driver's side of the vehicle, Sauceda found other particles that tested positive for cocaine and Vogel found a bag of cocaine under the hood of the Taurus. Officers also found $286.65 in cash in Meachum's possession. Vogel arrested Meachum.

Vogel testified that the cocaine weighed 15.3 grams and that a typical rock of crack cocaine weighs .2 grams. He explained that a typical user buys one to two rocks at a time. Vogel testified that a cocaine user would not possess 15 grams of cocaine at one time, but that possession of 15 grams indicates possession with intent to deliver. Forensic scientist Dottie Collins testified that the cocaine seized from the Taurus weighed .02 grams and 9.88 grams. Roberts testified that possession of approximately 10 grams of cocaine is not for personal use. McPherson denied placing any crack cocaine in the Taurus.

*Meachum*, 2011 WL 1416892, at ** 1-2.

## II.   **STANDARD OF REVIEW**

Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure.  However, this habeas corpus proceeding  is governed by the applicable provisions of the Antiterrorism and Effective Death

Penalty Act ("AEDPA").  *See Lindh v. Murphy,* 521 U.S. 320, 335–36 (1997); *see also Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).   To the extent that the petitioner's claims were "adjudicated on the merits" in state court, the AEDPA standard found at 28 U.S.C. § 2254(d) applies.[1]

Claims presenting pure questions of law and mixed questions of law and fact are governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner demonstrates that the state court's decision to deny a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1); *McGowen v. Thaler*, 675 F.3d 482, 489 (5th Cir. 2012).  A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000).  A state court unreasonably applies

---

[1]    In addition, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Additional limitations on federal review apply. A state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

As this deferential standard reflects, the AEDPA has "modified a federal habeas

9

court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted).  In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011).  The Supreme Court has underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining [a writ of] habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87.  This deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, — U.S. —, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the

merits'"). With this deferential standard in mind, the petitioner's claims are examined below under the applicable legal standard.

## III.   DISCUSSION

The Court addresses the respondent's arguments in the order raised in the motion for summary judgment.

### A.   Attorney's Failure to Object to Prejudicial Evidence at Sentencing - Claim 6.b.

Meachum claims that his trial attorney was ineffective on several grounds. One of Meachum's grounds is his attorney allegedly failed to object to prejudicial evidence during the sentencing phase of his trial (Doc. # 1, p. 12).   The respondent contends that this allegation is not exhausted because it was not raised in Meachum's PDR or in his state application for a writ of habeas corpus.  The respondent further contends that Meachum would be procedurally barred from presenting the claim in state court. Consequently, the respondent argues that Meachum's claim that his attorney was ineffective for failing to object to prejudicial evidence at the sentencing phase is barred under the federal procedural default doctrine.

#### 1.   The Exhaustion Requirement

Under 28 U.S.C. § 2254(b), a petitioner is required to exhaust available state

procedures before he may pursue habeas relief in the federal courts.  *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)).  All claims must be presented to and reviewed by the state courts before a federal habeas petition can be filed in the federal courts.  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Generally, this requires a Texas prisoner challenging his state custody to present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  The fact that a claim has "been through" the state court system is not enough to satisfy the exhaustion requirement; the highest court must have a reasonable opportunity to consider the merits of each of the claims presented in a federal habeas petition.  *Picard v. Connor* 404 U.S. 270, 276-77 (1971); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . ." (quotation marks and citations omitted)).

The habeas petitioner complies with the exhaustion requirement of fairly presenting his claims in state court by asserting the substance of each claim for the court's review.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  This

requires the petitioner to set forth the legal theory and the factual basis of each claim. *Id.*; *see also Scott v. Hubert*, 635 F.3d 659, 667 (5th Cir. 2011).  Factually, this requirement dictates that the petitioner set forth the material evidentiary support for his claim.  *Scott*, 635 F.3d at 667 (citing *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) ("The exhaustion requirement is not satisfied if the prisoner presents new legal theories *or* factual claims in his federal habeas petition." (emphasis added)).  A petitioner fails to meet the exhaustion requirement if he presents new factual allegations in support of a previously asserted legal theory. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (citing *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996)); *Joyner v. King,* 786 F.2d 1317, 1320 (5th Cir. 1986).

In this federal habeas proceeding, Meachum presents for the first time his claim that his attorney was ineffective by failing to object to prejudicial evidence at the sentencing proceedings.  His inclusion of a new fact specific allegation sidesteps the state courts and does not comply with the exhaustion requirement.  *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008) (citing *Morris v Dretke,* 413 F.3d 484, 491 (5th Cir. 2005)).  Meachum's failure to present this claim to the state courts has prevented the state court system from reviewing the claim and possibly correcting constitutional errors.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Ries v. Quarterman*, 522 F.3d at 523.  Consequently, the petition may be subject to dismissal

for failure to exhaust state court remedies.  *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).   However, the exhaustion requirement is not dispositive if returning the claim to the state courts would be a exercise in futility.  *Morris v. Dretke*,  413 F.3d 484, 492 (5th Cir. 2005) ("exhaustion is not required if it would plainly be futile.") (quoting *Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996)).

### 2.    <u>Procedural Bar</u>

As noted above, Meachum has already filed a state habeas application challenging his conviction for possession of a controlled substance which the Court of Criminal Appeals denied.   He may not file another state habeas application challenging the same conviction regarding claims that could have been previously raised.  TEX. CODE CRIM. P. art. 11.07 § 4.   The United States Court of Appeals for the Fifth Circuit has consistently held that Texas's abuse-of-writ rule is ordinarily an "adequate and independent" procedural ground on which to base a procedural default ruling.  *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004); *Henderson v. Crockwell*, 333 F.3d 592, 605 (5th Cir. 2003); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999).  Therefore, the claim that Meachum's attorney was ineffective for failing to raise an objection during the sentencing phase is subject to dismissal pursuant to a procedural bar where there are no remedies available in the state courts.

*Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998).

Meachum may only overcome his procedural default by demonstrating cause and prejudice or that failure to consider the claim would result in a fundamental miscarriage of justice. *Morris*, 413 F.3d at 491-92. Cause is demonstrated by establishing that some objective external factor impeded his efforts to present his claim to the state courts. *Meanes v. Johnson*, 138 F.3d 1007, 1011 (5th Cir. 1999). Prejudice is established when a petitioner demonstrates "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)).

A petitioner makes a showing that failure to consider a claim would result in a fundamental miscarriage of justice by demonstrating that he is "actually innocent" of the offense for which he was convicted. *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014) (citing *Williams v. Thaler,* 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004) (fundamental-miscarriage-of-justice exception requires a showing "that a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense.") (quotation omitted). Under *Schlup*,

the petitioner must prove that, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him."   *Bosley v. Cain* 409 F.3d 657, 662  (5th Cir. 2005) (quoting *Schlup*, 513 U.S. at 327-28).

Meachum makes no claim or points to any evidence which establishes cause and prejudice, and he fails to show that he is actually innocent of the crime. Therefore, the claim of ineffective assistance of counsel based on the allegation that Meachum's trial attorney failed to object to prejudicial evidence during the punishment stage of his criminal trial is procedurally barred and shall be **dismissed**. *Morris*, 413 F.3d at 491-92.

### B.   <u>Search and Seizure - Claim 1.</u>

Meachum contends that his Fourth Amendment rights were violated when he was arrested.  He alleges that his car was searched without a warrant or probable cause [Doc. # 1, p. 9].  He further asserts that evidence obtained from the illegal search was used to convict him.  *Id.* at 10.  It is well settled law that a claim challenging the admission of evidence at trial pursuant to an unconstitutional search and seizure is not cognizable in a federal habeas proceeding if the state has provided the opportunity for a full and fair litigation of the claim.  *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). *Stone* also applies to challenges regarding an arrest. *Lucas v. Johnson*, 132 F.3d 1069, 1083 (5th Cir. 1998).  The United States Court of Appeals for the Fifth Circuit has

held that such a search and seizure claim cannot be reviewed after the petitioner has been provided an opportunity to challenge the search and seizure regardless of whether he has taken advantage of it. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).

Texas affords a process for criminal defendants to challenge an illegal search and seizure by filing a motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure.  Meachum's attorney filed a motion to suppress pursuant to Article 28.01 [Doc. # 7-13, pp. 45-46].  The trial court denied the motion after conducting a live hearing [Doc. # 7-16].  Although the motion was denied, Meachum's claim is precluded  because he had a fair opportunity to litigate it before trial. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006).   Therefore, his habeas Fourth Amendment challenge is barred and shall be **dismissed**. *Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994) (citing *Stone*, 428 U.S. at 494).

### C.    <u>Motion to Suppress - Claim 2</u>

Meachum argues that the trial court erred when it denied his motion to suppress. He asserts that it was proved at the suppressing hearing that the police illegally searched his vehicle and that all evidence obtained should have been suppressed [Doc. # 1, p. 11].  Meachum argues that the court abused its discretion by refusing to suppress the evidence. *Id.*  The respondent contends that the argument is meritless.

17

As noted in the previous section, Meachum's attorney filed a motion to suppress the evidence, and the trial court denied it after conducting a hearing.  One of Meachum's two arguments raised on direct appeal was that the trial court erred in denying his motion to suppress.  The Ninth Court of Appeals rejected the argument after making the following findings:

> At the suppression hearing, Vogel testified that he saw a green Ford Taurus parked in the driveway of a house "known for the sale and barter of illegal narcotics[,]" specifically crack cocaine and marihuana. After running the license plate, Vogel learned that Enterprise owned the vehicle and had rented it to McPherson. The vehicle concerned Vogel because "drug dealers will use a rental to keep [police] from seizing their automobile once it's stopped and drugs are recovered from the car." Vogel knew "[t]here was a prior report of narcotics inside of a vehicle that was a rental to Tanya McPherson that Rafford Meachum had been driving." Vogel ran a check on Meachum's driver's license and learned that Meachum's license was invalid.
>
> Vogel left the area and contacted Sauceda and Roberts to conduct surveillance at the house. When the vehicle left the house, Sauceda and Roberts followed the vehicle and contacted Vogel. Roberts, who is familiar with Meachum, testified that Meachum appeared to be driving the vehicle. Roberts conveyed his belief to Vogel, and Vogel stopped the vehicle because Meachum was driving without a valid license.
>
> Vogel testified that Meachum was driving the vehicle and that the passenger in the Taurus was a known crack cocaine abuser. Like Meachum, the passenger had an invalid driver's license. Vogel asked Meachum to step out of the vehicle, searched Meachum's person, handcuffed Meachum, and moved Meachum away from the vehicle, but did not read Meachum his rights. The officers testified that Meachum was detained, not arrested.

According to officers, when Meachum was moved away from the vehicle, Meachum denied having any illegal narcotics and invited officers to search the vehicle. Vogel testified that Meachum gave unequivocal consent to search the vehicle and that he did not request or coerce Meachum's consent. The arrest record, however, showed that Vogel requested consent. Roberts did not know whether Vogel asked for consent, but he testified that Meachum was neither threatened nor forced to consent. Because Meachum consented, Vogel testified that he did not utilize his narcotics dog.

When Sauceda arrived at the scene, Meachum was already standing away from the vehicle. Sauceda did not hear Vogel request consent to search or hear Meachum give consent to search. Sauceda leaned against the vehicle to talk with Vogel, looked through the window, and saw what appeared to be crack cocaine on the driver's seat of the vehicle. In doing so, Sauceda testified that his head probably passed partway through the open window. Vogel informed Sauceda that Meachum had given consent to search the vehicle, so Sauceda opened the car door. Officers testified that Meachum then withdrew his consent. Sauceda had already found what appeared to be cocaine, and this fact was communicated to Meachum. A field test confirmed that the substance was cocaine. Because cocaine had been found, officers continued searching the vehicle. During the search, Sauceda found other cocaine particles and, under the hood of the vehicle, Vogel found a bag that appeared to contain crack cocaine. Vogel knew the bag had recently been placed in the engine because the bag was not dusty.

Meachum testified that McPherson, his girlfriend, leased the vehicle and that he was driving the vehicle. He knew his driver's license was expired. After Vogel stopped the vehicle, Meachum stepped out of the vehicle and raised his hands at Vogel's request. Vogel conducted a pat-down of Meachum and handcuffed him. Meachum felt that he was under arrest, he could not leave, and his liberty had been taken. No one told Meachum that he was under arrest or read him his rights. Meachum testified that no one requested his consent to search the vehicle, and he did not give

consent to search the vehicle. Meachum denied knowing that the cocaine was under the hood of the Taurus and testified that the officers planted the cocaine in the vehicle.

At the conclusion of the hearing, the trial court denied Meachum's motion to suppress. The record does not contain any written findings of fact and conclusions of law.

*Meachum*, 2011 WL 1416892, at ** 4-5.

Meachum argued on appeal that the warrantless search of the Taurus violated a recent Supreme Court decision which authorizes the police to search an arrestee's vehicle "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. " *Arizona v. Gant*, 556 U.S. 332, 351 (2009).  Absent these justifications, a search is unreasonable unless there is a warrant or another applicable exception is shown.  *Id.*  However, the Court of Appeals determined that Meachum had initially consented to the search based on the testimony given to the trial court at the suppression hearing.  *Meachum*, 2011 WL 1416892, at * 6.  The Court of Appeals also held that Meachum revoked his consent after evidence was found, but that the discovery of the contraband gave the officers probable cause to continue the search. *Id.*  "[A] determination of a factual issue made by a State court shall be presumed to be correct."  *Wood v. Allen*, 558 U.S. 290, 293 (2010); *see also Register v. Thaler*, 681

F.3d 623, 629 (5th Cir. 2012) ("Under § 2254(e)(1), a state court's discrete factual findings are presumed to be correct.").

The police are authorized to conduct a vehicle search when an occupant gives his consent. *See Fernandez v. California*, — S.Ct. —, 2014 WL 700100, *6 (Feb. 25, 2014); *Florida v. Jimeno*, 500 U.S. 248, 251 (1991). Once the officers saw the cocaine, they had sufficient probable cause to continue the search even after Meachum withdrew his consent. *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (citing *California v. Carney*, 471 U.S. 386, 393 (1985)). The record supports the opinion of the Court of Appeals and Meachum has failed to rebut it with clear and convincing evidence. The state court's determination was not contrary to, or an unreasonable application of clearly established federal law. Therefore, Meachum's claim has not merit and shall be **dismissed**.

## D.     Indictment and Enhancement - Claims 3 and 5

Meachum claims that his indictment was defective and that the State failed to prove the validity of his prior conviction used to enhance his sentence [Doc. # 1, pp. 10-11]. The respondent contends that these claims are procedurally barred. In the alternative, the respondent contends that they are meritless.

### 1.     Procedural Bar

The state habeas district court found that these claims are not cognizable in a habeas proceeding because they could have been raised on direct appeal and therefore are procedurally barred [Doc. # 7-34, p. 58]. The Court of Criminal Appeals adopted the district court's findings and dismissed the claims without deciding their merits. *Meachum*, 2012 WL 3999862. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App., 1997). In Texas, matters that should have been raised on direct appeal may not be litigated on habeas review. *See Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). "A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) (quoting *Busby v. Dretke*, 359 F.3d 708. 718 (5th Cir. 2004)). The Fifth Circuit has recognized that the Texas state requirement that these grounds be raised on direct appeal is an adequate independent bar to federal habeas corpus review. *See Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007); *Scheanette v. Quarterman*, 482 F.3d 815, 827 (5th Cir. 2007). Consequently, these claims are procedurally barred unless Meachum can demonstrate cause and prejudice or unless he shows that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Morris*, 413 F.3d at 491-92. Meachum makes no claim nor points to any evidence which establishes

cause and prejudice, and he fails to show that he is actually innocent of the crime. Therefore, Meachum's claims regarding the indictment and the enhancement are procedurally barred.

### 2. Indictment Claim is Not Reviewable

If the Court were to find that Meachum's challenge to his indictment was not procedurally barred, it would dismiss it as baseless. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle,* 631 F.2d 1229 (5th Cir. 1980)). This question is generally a matter of state law. *McKay*, 12 F.3d at 69. Moreover, there is no constitutional right to a grand jury indictment in state criminal proceedings. *Wilkerson v. Whitley*, 28 F.3d 498, 502 -503 (5th Cir. 1994) (citing *Hurtado v. People of State of California*, 110 U.S. 516, 534-35 (1884)); *see also Martin v. Beto*, 397 F.2d 741, 746 (5th Cir. 1968) (citing *Hurtado*, 110 U.S. at 538)). As there has been no finding in the state courts that Meachum's indictment is defective, Meachum is foreclosed from proceeding on this claim in federal court and the claim shall be **dismissed**. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).

### 3. Enhancement Challenge Waived

Meachum alleges that his punishment was improperly enhanced because the State failed to prove the validity of his prior conviction.  The court records show that Meachum pled true to the enhancement paragraph at trial [Doc. # 7-14, p. 55; Doc. # 7-20, p. 6].  A plea of true waives any challenge to the enhancement.  *Randle v. Scott,* 43 F.3d 221, 226 (5th Cir.1995) (citing *Scott v. Maggio,* 695 F.2d 916, 922 (5th Cir.1983); *Long v. McCotter,* 792 F.2d 1338, 1340 (5th Cir.1986)).  Further, the state court record includes a copy of the delivery of a controlled substance conviction used to enhance Meachum's punishment [Doc. # 7-21, pp. 24-26].  Meachum's claim is insupportable because he has failed to show that the state court's denial is "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

In addition to failing to show any factual basis for the claim regarding the enhancement, Meachum fails to assert a claim that is reviewable in a § 2254 proceeding.  A petitioner in a federal habeas proceeding must identify a constitutional violation; a showing of a state law violation does not establish an actionable claim. *Hughes v. Dretke*, 412 F.3d 582, 590 (5th Cir. 2005) (citing *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir.1994) ("A state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right.")).   Meachum's claim concerning his sentence enhancement

raises only a state law question and does not present an issue cognizable in a federal habeas corpus action. *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606  (5th Cir. 1971); *see also Muniz v. Heredia*, 340 F. App'x 457, 459 (10th Cir. 2009) (sentence enhancements presenting errors of state law alone are not cognizable in habeas) (citing *Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000)).   Therefore, his claim regarding a state law issue shall be **dismissed**.  *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (it is not the federal court's function to review a state court's interpretation of its own law) (citing *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir. 1983)).

### E.  Sufficiency of the Evidence - Claim 4

Meachum claims that the evidence was insufficient to support the conviction [Doc. # 1, p. 11].  The respondent contends that the claim is baseless because the Ninth Court of Appeals reviewed the evidence and found that it was sufficient to prove Meachum's guilt.  The Court of Appeals explained as follows:

> Meachum contends that the evidence is legally insufficient because: someone else rented the Taurus, Meachum was not the sole occupant of the Taurus, the cocaine was found under the hood of the Taurus and not on Meachum's person, no physical evidence linked Meachum to the cocaine or showed that he handled the cocaine, no one saw Meachum place the cocaine under the hood of the Taurus, Meachum did not own the Taurus, no drug paraphernalia was found on Meachum, neither Meachum nor the passenger was under the influence of a controlled substance, neither Meachum nor the passenger knew the

cocaine was under the hood, and no large amount of cash was found on Meachum or the passenger.

The record, however, contains sufficient links connecting Meachum to the cocaine found in the Taurus. *See Satchell v. State,* 321 S.W.3d 127, 134 (Tex.App.-Houston [1st Dist.] 2010, pet. ref'd) ("The absence of various links does not constitute evidence of innocence to be weighed against the links present."). Meachum's girlfriend had rented the vehicle and allowed Meachum to drive the vehicle; thus, Meachum had a right to possess the vehicle where the cocaine was found. Meachum was present when the Taurus, which he had been driving, was searched and the cocaine was found. Cocaine was found in an enclosed space, *i.e.,* under the hood of the vehicle. Cocaine was also found in the driver's seat area of the vehicle where Meachum had been seated; the record does not indicate that such evidence was found where the passenger had been seated. Meachum originally told officers that the vehicle contained no contraband and invited officers to search the vehicle, but he revoked that consent once officers began the search that would lead them to the cocaine. Meachum was in possession of $286.65 cash. Additionally, the total weight of the cocaine seized during the search of the Taurus was an amount indicative of possession with intent to deliver.

In summary, the logical force of all the circumstantial evidence in this case, combined with reasonable inferences, is sufficient to show that Meachum had actual care, custody, control, or management of the cocaine found in the vehicle. *See Evans,* 202 S.W.3d at 166. Viewing all the evidence in the light most favorable to the State, the jury could reasonably conclude, beyond a reasonable doubt, that Meachum committed the offense of possession of cocaine with intent to deliver. *See Jackson,* 443 U.S. at 319; *see also Hooper,* 214 S.W.3d at 13.

*Meachum*, 2011 WL 1416892, *3.

The standard of review for an insufficient evidence claim in a federal habeas corpus proceeding is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999) (citing *Jackson*, 443 U.S. at 319). "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (quoting *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)). The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985); *see also Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir. 1982) ("The jury has the sole responsibility to judge the weight and credibility of the evidence.").

The Ninth Court of Appeals discussed the State's evidence and concluded that it was sufficient for the jury to "reasonably conclude beyond a reasonable doubt, that Meachum committed the offense of possession of cocaine with intent to deliver." *Meachum*, 2011 WL 1416892, *3 (citing *Jackson,* 443 U.S. at 319). It was within the sole province of the jury to weigh the conflicting evidence and evaluate the credibility of the witnesses. *United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999) (citing *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998)). The Court will not "second guess" the jury's determination because it actually heard the testimony and saw the evidence, and therefore, was in a better position to make an evaluation.

*Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) (citing *United States v. Ramos–Garcia,* 184 F.3d 463, 466 (5th Cir.1999).   Moreover, the Ninth Court of Appeals has thoughtfully reviewed the evidence and found it to be sufficient under the law.   The thorough analysis of record by the Ninth Court of Appeals should be given great deference.   *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) (citing *Jackson*, 443 U.S. at 310 n. 15).

Meachum has failed to show that the state court's ruling on the evidence was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court.   28 U.S.C. § 2254(d)(1).   He has also not shown that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).   Therefore, Meachum's challenge to the sufficiency of the evidence will be **dismissed**.

### F.   Ineffective Assistance of Trial Counsel - Claims 6.a. and 6.c.

Meachum contends that he received ineffective assistance of counsel because his attorney allegedly failed to investigate the facts [Doc. # 1, p. 12].   He also contends that his trial attorney failed to properly argue his motion to suppress.   *Id.* The respondent contends that Meachum fails to allege what evidence his counsel failed to uncover during his investigation and how it would have changed the outcome of the trial.   The respondent also contends that Meachum's claim that his attorney

failed to properly argue the motion to suppress is conclusory.

### 1.    Ineffective Assistance of Counsel Standard

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).  Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams*, 529 U.S. at 390-91.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable."  *Strickland*, 466 U.S. at 687.  The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687.  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

evaluate the conduct from counsel's perspective at the time." *Id.* at 689.  To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by § 2254(d)(1)." *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012).  The petitioner has the burden of proving that his lawyer was ineffective. *Id.*; *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).  Further, the petitioner must show that the state court's determination that the petitioner failed to make a *Strickland* showing was contrary to or an unreasonable application of the *Strickland* standard. *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003).  Judicial review of  an attorney's performance is 'highly deferential' with a strong presumption that his performance was adequate. *McAfee v. Thaler*, 630 F.3d 383, 394 (5th Cir. 2011).  Consequently, it is difficult to surmount *Strickland's* bar because the petitioner cannot accomplish this if there is "any reasonable argument that the petitioner's counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

## 2.    <u>The State Court's Findings and Conclusions of Law</u>

Meachum was represented at his trial by Mike Aduddell, a Montgomery County criminal defense attorney.  Meachum alleged ineffective assistance of trial counsel in his state application for a writ of habeas corpus.  In response, the state district habeas court issued a Designation of Issues with orders to both Aduddell and Meachum's appellate attorney to provide an affidavit answering questions with regard to their representation [Doc. # 7-33, pp. 5-6].  *Ex parte Meachum*, No. 77,120-02.  Aduddell complied and submitted an affidavit with the following responses to Meachum's specific allegations that he failed to investigate the facts and properly argue the motion to suppress:

> Question #1: Please describe the scope of your pre–trial investigation into the facts of this case, and briefly summarize your findings.

> Response #1: All matters contained in the State's files including but not limited to offense reports, witness statements, lab reports, videos, pictures, the Defendant's criminal record and the criminal records of other witnesses, if any, were reviewed and copied.

> An Ex Parte Order for the appointment of an investigator was obtained. The investigator and I talked with the car[] rental company about the realtor's (sic) girlfriend renting the vehicle in question; the car rental company's policies of allowing persons not on the rental agreement to operate the vehicle; the financial ability with relator's girlfriend [sic]; and other facts relevant to the case. In addition, the home where the relator left just before being stopped by Conroe Police Department and the route he was alleged to have followed was driven and reviewed by the investigator and me.  [A copy of the investigator's report was attached to Aduddell's affidavit.]

*  *  *  *  *

Question #5: Regarding your motion to suppress, please describe your investigation and preparation for the hearing and argument on the motion. Did you investigate the chain of custody of any physical evidence sought to be introduced? Please describe your strategy in approaching gaps in the chain of custody or any other factors that went into your decision regarding how best to pursue a motion to suppress in this case.

Response #5: In preparing for trial in this case, I focused my preparation on the Motion to Suppress and thereafter framing of the proper jury questions for the jury to receive from the Court in its charge regarding the legality of the search. I felt that we were very well prepared on the Motion to Suppress and legal argument and we did a very good job of presenting the issue to the Judge in the Motion to Suppress hearing as well as to the jury.  The question as framed seeks to know my investigation as to the chain of custody in the physical evidence that was sought to be introduced.  I did not seek to weigh the drugs as it was weighed by the Detective from Conroe Police Department as compared to the weight of the drugs as tested by the chemist for the Department of Public Safety Lab. I noted there was a vast discrepancy in the weight of the drugs between the two and this discrepancy was brought to the attention of the Trial Court and the jury. The chain of custody is something that is, in my opinion and understanding of the law, goes only to the weight of the evidence, not its admissibility. So I concentrated more on the admissibility of the evidence and sought to show the jury that the particular law enforcement agents were not credible or reliable.

Affidavit of Mike Aduddell [Doc. # 7-33, pp. 95-97].

In its findings of fact, the state habeas corpus court noted that Aduddell had been practicing in Montgomery County's courts for a long time and that he was qualified for appointment in criminal cases [Doc. # 7-34, p. 57].  The court also found

32

that Aduddell had submitted a credible affidavit in response to Meachum's claims of

deficient performance.  *Id.*  In its conclusions of law, the court rejected Meachum's

claims of ineffective assistance of counsel finding:

> 6.  The applicant has not shown that Aduddell was ineffective in arguing
> the motion to suppress the physical evidence seized, because the
> argument the applicant now advances would not have been successful.
> Problems in the chain of custody go to the weight that the evidence
> should be given, not the admissibility of that evidence.  *See Druery v.
> State*, 225 S.W.2d 491, 503–04 (Tex. Crim. App. 2007).
>
> \*   \*   \*   \*   \*
>
> 10.  The applicant received the effective assistance of both his trial and
> appellate counsel.  *See Strickland*, 466 U.S. at 687–88.

[Doc. # 7-34, p. 58].

After considering all of the pleadings and official court records, the state habeas

corpus court found that Meachum failed to establish that he was denied the right to

effective assistance of trial counsel.  *See* Doc. # 7-34, p. 58 (citing *Strickland*, 466

U.S. at 669) (citations omitted)).  In reaching that conclusion, the state habeas corpus

court rejected Meachum's specific allegations of deficient performance and concluded

further that actual prejudice was not shown.  *See id.* at 58-59.

As this record shows, the state court identified the governing legal standard

found in *Strickland* and applied it to Meachum's ineffective-assistance claim.

Because Meachum repeats the same ineffective-assistance claim on federal habeas

corpus review, the central question is "'is not whether a federal court believes the state court's determination" under *Strickland* "was incorrect but whether [it] was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 112-113 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).  In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 129 S. Ct. at 1420.  Thus, this standard is "doubly deferential" on habeas corpus review.  *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).  Meachum fails to show that the state court's decision was unreasonable under this doubly deferential standard for reasons outlined briefly below.

### a.    Counsel's Investigation

Meachum alleges that Aduddell was deficient because he failed to conduct an adequate investigation prior to trial.  A habeas corpus petitioner "who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial." *Druery v. Thaler,* 647 F.3d 535, 541 (5th Cir. 2011) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).  Meachum does not specify what

34

evidence Aduddell failed to uncover or how it would have changed the outcome of the trial.  The absence of specific facts in Meachum's pleadings weighs against a grant of relief.  *Murphy v. Dretke*, 416 F.3d 427, 436 -437 (5th Cir. 2005) (citing *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir.1990) (holding that petitioner's conclusory allegations failed to establish valid ineffective assistance of counsel claim); *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983) (reemphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding")).  The record shows that Aduddell had conducted an investigation with the assistance of a court appointed investigator [Doc. # 7-33, p. 95; Doc. # 7-34, pp. 1-3].  The record reveals that Aduddell was familiar with the evidence and the witnesses.  Meachum has failed to overcome the presumption that Aduddell's actions were the result of a reasoned and informed trial strategy and that his performance was not deficient.  *Pape v. Thaler*, 645 F.3d 281, 289 (5th Cir. 2011).

### b.    Motion to Suppress

Meachum alleges that Aduddell failed to properly argue the motion to suppress. In support of his argument, Meachum asserts that Aduddell failed to investigate the chain of custody of the evidence or discover the inconsistencies between the weights in the police records and the weights of the State's exhibits [Doc. # 3-1, pp. 43-44]. Aduddell states in his affidavit that he focused on the legality of the search because

that affected the admissibility of the evidence [Doc. # 7-33, p. 97].  He explains that he did not seek to weigh the drugs although he was aware that there was a discrepancy between the weight reported by the Conroe Police Department and the Department of Public Safety Lab.  *Id.*  He also states that he brought this discrepancy to the attention of the court and the jury.  *Id.*  Aduddell further explains that he chose to focus on the admissibility of the evidence rather than the weight given to it.  *Id.*     The state court concluded that Meachum failed to show that Aduddell was ineffective because Meachum's proposed strategy would not have been successful.  "'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . .'"  *Riley v. Dretke*, 362  F.3d 302, 305 (5th Cir. 2004) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  Meachum has failed to show that the state court's decision was unreasonable.  Therefore, his claim that he was denied effective assistance of counsel at trial shall be **denied**.

### G.     Ineffective Assistance of Appellate Counsel - Claim 7

Meachum alleges that his appellate attorney, Stephen Taylor, was ineffective for failing to consult with him before filing his appeal brief [Doc. # 1, p. 12].  He contends that his failure to do so resulted in him failing to raise additional search and seizure grounds on his direct appeal.  *Id.*  The respondent argues that Meachum's claims are not meritorious.

*Strickland's* two prong test regarding deficient performance and prejudice applies in determining whether appellate counsel was ineffective. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To establish deficient performance, Meachum must show that his appellate attorney unreasonably failed to discover non-frivolous issues and include them in his brief. *Id.* However, the appellate counsel is not required to include every non-frivolous claim. *Id.* at 288. To establish prejudice, Meachum "must show a reasonable probability" that but for his counsel's unreasonable failure to raise the merits in his brief, Meachum would have prevailed on appeal. *Smith*, 528 U.S. at 285-86. In doing so, he must demonstrate that the issues in question were stronger than those presented by his appellate counsel. *Id.* at 288. A reviewing court cannot fault appellate counsel for not raising meritless claims. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Like Aduddell, Meachum's appellate attorney Stephen Taylor was ordered to file a response to Meachum's allegations that he provided ineffective assistance of

37

counsel on appeal.  Taylor responded by filing an affidavit indicating that Meachum's grounds for relief were meritless and would not have been successful if raised [Doc. # 7-33, pp. 15-26.  The state habeas court found that Meachum had not shown that Taylor was ineffective in his selection of issues to present on appeal [Doc. # 7-34, p. 59].  The court further determined that the issues that Meachum wanted raised on appeal were frivolous.  *Id.*  Taylor's performance cannot be found to be deficient on the basis that he failed to present every claim desired by Meachum on appeal.  *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983).  Moreover, there is no merit to Meachum's claim of ineffective assistance of appellate counsel because he has not demonstrated prejudice.  *Schaetzle*, 343 F.3d at 444.  Meachum has failed to show that the state court's decision was unreasonable.  Therefore, his claim that he was denied effective assistance of counsel on appeal shall be **denied**.

Because Meachum has failed to establish that any of his claims merit relief, the respondent is entitled to summary judgment as a matter of law and the petition must be **dismissed**.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.

1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner.  Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue.

## V.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment [Doc. # 10] is **GRANTED**.

2.    The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on March 12, 2014.

Nancy F. Atlas
United States District Judge

40